## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LARRY JAMES BURKE and** | ) | |
| **DARLA BURKE,** | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 15-00525-CG-N** |
| | ) | |
| **NEW HAMPSHIRE INSURANCE** | ) | |
| **COMPANY and** | ) | |
| **FLAGSTAR BANK FSB,** | ) | |
|     **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on the Motion to Dismiss Plaintiffs' Second Cause of Action under Federal Rule of Civil Procedure 12(b)(6) (Doc. 5) filed by Defendant New Hampshire Insurance Company ("NHIC"). Though given the opportunity to do so (*see* Doc. 9), Plaintiffs Larry James Burke and Darla Burke (collectively, "the Burkes") have not filed any response in opposition to the motion, which is now under submission.

Under S.D. Ala. GenLR 72(b), the motion to dismiss has been referred to the undersigned Magistrate Judge for entry of a report and recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that the motion to dismiss (Doc. 5) be **GRANTED**.

# I.   <u>Background</u>[1]

On November 10, 2015, the Burkes initiated this action by filing a Complaint (Doc. 1) with this Court.  The Complaint alleges that NHIC is "a Write-Your-Own Company participating in the U.S. Government's National Flood Insurance Program pursuant to the National Flood Insurance Act of 1968, as amended, 42 U.S.C. §4001 *et seq*."  (*Id.* at 1, ¶ 2).[2]  The Burkes allege that they "procured flood insurance for their property from" NHIC, that the insured property "sustained significant damages … during a massive flood event" on or about April 30, 2014.  (*Id.* at 2, ¶¶ 6 – 7).  Defendant Flagstar Bank FSB ("Flagstar") held a mortgage on the insured property and was thus listed on the flood policy.  (*Id.*, ¶ 2).  Flagstar "foreclosed on the property on May 12, 2014 with a bid at auction for the full amount owed by Plaintiffs on the mortgage."  (*Id.*, ¶ 10).

---

[1] In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true."  *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (citing *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006)).

[2]      "The Federal Emergency Management Agency (FEMA) uses 'Write–Your–Own' (WYO) companies … to aid it in its statutory duty to administer the National Flood Insurance Program (NFIP). *See* 42 U.S.C. § 4081(a) (permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their 'facilities and services'); 44 C.F.R. § 62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer SFIPs)."  *Newton v. Capital Assur. Co.*, 245 F.3d 1306, 1308 (11th Cir. 2001).  *See also Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1339 (11th Cir. 2007) ("Fidelity served as a 'Write–Your–Own' insurance provider—a private provider that participated in the National Flood Insurance Program. See 44 C.F.R. § 62.23. The providers administer National Flood Insurance Program policies as fiscal agents of the United States. See 42 U.S.C. § 4071(a)(1).").
    NHIC admits that it is a WYO company in both its answer (Doc. 6) and its motion to dismiss (Doc. 5).

After determining damages on the property, on July 24, 2014, NHIC "issued a check in the amount of $29,670.70 made payable to" the Burkes and Flagstar. (*Id.* at 2 – 3, ¶¶ 8, 11). The Burkes, through counsel, requested that NHIC reissue the check to the Burkes only; NHIC denied the request. (*See id.* at 3, ¶¶ 12 – 14). Though the Burkes' counsel subsequently provided additional information to NHIC, NHIC reissued the check to Flagstar solely. (*See id.*, ¶¶ 14 – 15). At the time this action was initiated, neither Defendant had remitted the subject proceeds to the Burkes.

Based on the foregoing allegations, the Complaint alleges the following causes of action: breach of contract (First Cause of Action) against both Defendants; bad faith (Second Cause of Action) against NHIC only; and conversion (Third Cause of Action) against Flagstar only. The present motion to dismiss seeks dismissal of the Burkes' bad faith claim on the basis that "state law extra-contractual claims are expressly preempted by the governing federal law." (Doc. 5 at 1).[3]

---

[3] The Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction…" Fed. R. Civ. P. 8(a)(1). The Complaint's allegations do not clearly show jurisdiction under 28 U.S.C. § 1332(a), based on diversity of citizenship. However, the Complaint's breach of contract claim against both Defendants arises out of an insurance policy issued under the NFIP. Such contracts "are interpreted using principles of federal common law rather than state contract law[,]" thus providing for federal question jurisdiction under 28 U.S.C. § 1331. *Newton v. Capital Assur. Co.*, 245 F.3d at 1308-09. *Accord Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1350 n.2 (11th Cir. 2000). Moreover, it appears that the NFIP's statutorily authorized implementing regulations may provide jurisdiction over all claims. *See also Shuford*, 508 F.3d at 1341 ("Shuford filed a complaint for breach of contract and the tort of bad faith refusal to pay against Fidelity in state court. Fidelity removed the action to federal court, which is the exclusive forum for claims arising under the National Flood Insurance Act. *See* 44 C.F.R. pt. 61, app. A(2), art. VII.R."). Regardless, to the extent the Burkes' bad faith and conversion claims do not similarly invoke federal question jurisdiction under § 1331, this Court may exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a). Thus, it is the opinion of the undersigned that subject matter jurisdiction exists over this action.

## II.   Analysis

"Preemption is the power of federal law to displace state law substantively. The federal preemptive power may be complete, providing a basis for jurisdiction in the federal courts, or it may be what has been called 'ordinary preemption,' providing a substantive defense to a state law action on the basis of federal law. []More specifically, ordinary preemption may be invoked in both state and federal court as an affirmative defense to the allegations in a plaintiff's complaint. Such a defense asserts that the state claims have been substantively displaced by federal law." *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 (11th Cir. 2003) (footnote omitted).  NHIC's motion to dismiss argues that "ordinary preemption" applies to the Burkes' bad faith claim.  As noted previously, the Burkes have filed no response to the motion.[4]

"[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim. A district court, however, may dismiss a complaint on a rule 12(b)(6) motion 'when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint.' " *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (quoting *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984)).

---

[4] Nevertheless, "until the Eleventh Circuit (or Supreme Court) speaks more clearly to the issue or a sister Court (or litigant) provides a more compelling rationale, the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss." *Gailes v. Marengo Cnty. Sheriff's Dep't*, 916 F. Supp. 2d 1238, 1243 (S.D. Ala. 2013) (Steele, C.J.).  *See also Cochran v. Southern Co.*, Civil Action No. 14-0569-WS-N, 2015 WL 3508018, at *1 (S.D. Ala. June 3, 2015) (Steele, C.J.) (reaffirming *Gailes*).

In support of its motion, NHIC cites *Shuford v. Fidelity National Property & Casualty Insurance Co.*, 508 F.3d 1337 (11th Cir. 2007), in which the Eleventh Circuit found that an insured's bad faith "tort claim [wa]s expressly preempted by federal law because it arises from the handling of a claim under a Standard Policy" issued under the NFIP.  508 F.3d at 1344.  In so holding, the court stated:

> The plain language of the Standard Policy, which is embodied in a federal regulation, reflects a clear intent to preempt claims under state law:[5]
>
> IX. What Law Governs
>
> This policy and *all disputes arising from the handling of any claim under the policy* are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.
>
> 44 C.F.R. pt. 61, app. A(1), art. IX (emphasis added). This provision became effective on December 31, 2000, before Fidelity issued Shuford's policy.
>
> When the Federal Emergency Management Agency proposed the 2000 amendment to the Standard Policy, the Agency provided a statement of intent that bolsters the conclusion that Shuford's state law tort claim is preempted:
>
> > Standard Flood Insurance Policies are sold by a number of private Write Your Own (WYO) insurance companies and directly to the public by the Federal Insurance Administration. Because the National Flood Insurance Program is national in scope and accomplishes a number of programmatic missions in addition to making affordable flood insurance generally available to the public, the SFIP provides that its terms cannot be altered, varied or waived except by the written authority of the Federal Insurance Administrator. The Administrator

---

[5] "A claim under state law is expressly preempted when Congress has manifested its intent to preempt state law explicitly in the language of the statute.  Federal regulations have the same preemptive effect as federal statutes." *Shuford*, 508 F.3d at 1344 (citation and quotation omitted).

> intends that the same benefits should be available to insureds
> wherever the insured property is located, or whether the policy
> is purchased from a WYO insurance company or from the
> Federal Government. Thus, there is a need for uniformity in the
> interpretation of and standards applicable to the policies and
> their administration. *Therefore, we have clarified the policy
> language pertaining to jurisdiction, venue and applicable law to
> emphasize that matters pertaining to the Standard Flood
> Insurance Policy, including issues relating to and arising out of
> claims handling, must be heard in Federal court and are
> governed exclusively by Federal law.*

65 Fed. Reg. 34,824, 34,826–27 (May 31, 2000) (emphasis added).

*Id.* "In the light of the plain language of the 2000 amendment and the statement of intent," the court affirmed dismissal of the insured's bad faith claim on the ground that federal law preempted it. *Id.* at 1344-45.

Here, the Burkes' complaint alleges only that they procured their flood insurance policy "[p]rior to April 30, 2014[,]" the date of the flooding event that damaged their property. (Doc. 1 at 2, ¶¶ 6 – 7). The Burkes did not attach a copy of the policy as an exhibit to their complaint. However, with leave of the Court (*see* Doc. 15), NHIC has supplemented its motion to dismiss with a copy of the Burkes' policy (Doc. 20).[6] A review reveals that it is an NFIP Standard Policy issued in 2013 and containing a "What Law Governs" section identical to the one quoted in

---

[6] "In ... Rule 12(b)(6) dismissals, it is generally true that the scope of the review must be limited to the four corners of the complaint." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (quotation omitted).   However, the Eleventh Circuit "has recognized an important qualification to this rule where certain documents and their contents are undisputed: In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id.* (quotation omitted).   The insurance policy is certainly central to the Burkes' claims, and they have not challenged the policy's authenticity after being granted the opportunity to do so (*see* Doc. 15).

*Shuford*.  (*See* Doc. 20 at 1, 24).  Accordingly, *Shuford* compels the determination that federal law preempts the Burkes' bad faith tort claim.  Thus, NHIC's motion to dismiss (Doc. 5) is due to be **GRANTED**.

### III.    Conclusion and Recommendation

In accordance with the foregoing analysis, it is **RECOMMENDED** that NHIC's Motion to Dismiss Plaintiffs' Second Cause of Action under Federal Rule of Civil Procedure 12(b)(6) (Doc. 5) be **GRANTED** and that the Burkes' Second Cause of Action in their Complaint (Doc. 1) be **DISMISSED**.

### IV.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 17th day of March 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**